UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA HERRERA,<br><br>                                        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>                                        Defendants. | Case No.:  24-cv-01409-AJB-LR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 12)** |

Before the Court is Defendants United States of America and the Drug Enforcement Agency's (the "DEA") (collectively "Defendants") motion to dismiss Plaintiff Griselda Herrera's ("Plaintiff") complaint pursuant to Rules 12(b)(1), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 12.) For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss.

## I.     BACKGROUND

Plaintiff brings this civil action, alleging claims against Defendants[1] for: (1) excessive force in violation of the Fourth Amendment against all Defendants; (2) failure

---

[1]     In the caption and preamble of the complaint, Plaintiff lists the United States as a defendant (*see* Compl. at 1); however, the United States is omitted from the rest of the Complaint (*see id.* at 2–13). As such, it is unclear whether or not the United States has been properly pled as a party in this action.

to train against the DEA; (3) unconstitutional custom, practice, or policy against the DEA; (4) ratification against the DEA; (5) assault against all Defendants; (6) false imprisonment against all Defendants; (7) wrongful detention in violation of the Fourth Amendment against all Defendants; and (8) violation of the Tom Bane Civil Rights Act ("Bane Act"), Cal. Civ. Code § 52.1, against all Defendants, stemming from two different incidents.[2] (Complaint ("Compl."), Doc. No. 1.)

Plaintiff alleges that on August 11, 2021, DEA agents, the local sheriff's deputies, and local police officers (collectively "the Officers") "working under color of law, within the course of their duties and with the complete authority of and ratification by the County," broke into Plaintiff's home without a search warrant. (*Id.* ¶¶ 10–11, 23.) Plaintiff, who had been in bed recovering from COVID at the time of the break-in, was detained by the Officers outside in the "extreme heat" without access to water, her medications, or a bathroom for hours in "wanton disregard for Plaintiff's health, safety, and wellbeing." (*Id.* ¶¶ 10, 12–13.) While conducting their search, the "Officers trashed Plaintiff's house," "destroying" the front door, a mirror, a washing machine, interior doors, and other personal property." (*Id.* ¶ 14.) As a result of this experience, Plaintiff "suffered significant emotional distress," sleeplessness, nightmares, depression, and fear. (*Id.* ¶ 15.)

Further, Plaintiff alleges that on September 7, 2022, the Officers once again broke into Plaintiff's house and destroyed personal property while "working under color of law, within the course of their duties and with the complete authority of and ratification by the County." (*Id.* ¶¶ 16, 23.) Specifically, the "Officers drove an armored vehicle through Plaintiff's yard fence, damaging her fence and yard," and confiscated Plaintiff's cell phone. (*Id.* ¶¶ 16–17.) The "home invasion," as Plaintiff alleges, "compounded Plaintiff's emotional distress from the first break-in" and "resulted in the immediate death of

---

[2]  Plaintiff's complaint includes Imperial County as a defendant in all claims. (*See generally* Compl.) However, after Imperial County filed a motion to dismiss for failure to state a claim (Doc. No. 7), Plaintiff and Imperial County filed a joint motion to dismiss the latter party (Doc. No. 10), which the Court granted on December 5, 2024 (Doc. No. 11). The Court addresses the complaint only as it pertains to the remaining defendants.

1  Plaintiff's cat," which was Plaintiff's "only source of companionship." (*Id.* ¶¶ 16, 19.)

2    Plaintiff alleges that a local newspaper reported on the events with Plaintiff's identity

3  and address as "feds taking down a meth ring," which negatively impacted her reputation

4  and resulted in her being denied a government job. (*Id.*¶ 19.) However, Plaintiff asserts that

5  "Defendants battered down the wrong door," after negligently failing to confirm the true

6  suspect's address. (*Id.*¶ 20.) The Officers "found no evidence of wrongdoing by Plaintiff,"

7  and she was never charged. (*Id.*¶ 21.)

8    On December 19, 2024, remaining Defendants filed a motion to dismiss Plaintiff's

9  complaint. (Doc. No. 12.) Plaintiff filed an opposition (Doc. No. 14)[3], to which Defendants

10  replied (Doc. No. 15). This Order follows.

11  **II.    LEGAL STANDARD**

12    **A.    Sovereign Immunity and Subject Matter Jurisdiction**

13    "It is well settled that the United States is a sovereign, and, as such, is immune from

14  suit unless it has expressly waived such immunity and consented to be sued." *Dunn &*

15  *Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). "Where a suit has

16  not been consented to by the United States, dismissal of the action is required because the

17  existence of such consent is a prerequisite for jurisdiction." *Id.* at 1088. "A sovereign

18  immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule

19  12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2

20  (9th Cir. 2017). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to

21  file a motion to dismiss for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1);

22  *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

23  omitted) ("Federal courts are courts of limited jurisdiction. They possess only that power

24  authorized by Constitution and statute, which is not to be expanded by judicial decree.").

25    "Once challenged, the party asserting subject matter jurisdiction has the burden of

26  proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see*

27

28  _____

[3]    Plaintiff's filing violates Civil Local Rule 5.1.a. Any future noncompliant filings will be stricken.

*also Lee v. United States Dep't of the Navy*, 716 F. Supp. 3d 911, 914 (S.D. Cal. 2024) ("When evaluating sovereign immunity via a Rule 12(b)(1) motion, the Court must start with the presumption that the United States is immune from suit, and it is Plaintiff's burden to show that the United States has expressly consented to be sued in this way.").

### B. Service of Process

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule] 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (internal quotations and citations omitted). As such, Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley*, 734 F.3d at 975.

## III. DISCUSSION

Defendants move to dismiss Plaintiff's eight causes of action arguing that the Court lacks subject matter jurisdiction under the doctrine of sovereign immunity and that Plaintiff failed to provide sufficient service of process. (Doc. No. 12 at 3–10.) Additionally, Defendants seek to dismiss or strike portions of Plaintiff's prayer for relief. (*Id.* at 10.)

### A. Claims Against the DEA

First, Defendants argue that sovereign immunity bars Plaintiff's eight claims against the DEA. (Doc. No. 12 at 7–8.) In opposition, Plaintiff asserts that 42 U.S.C. § 1983 permits "any person whose federal rights have been violated to bring a civil action against the entity for damages." (Doc. No. 14 at 8.) Beyond that unsupported conclusion, Plaintiff does not substantively address Defendants' sovereign immunity defense; rather, Plaintiff focuses on whether she has alleged sufficient facts against the DEA agents to survive a motion to dismiss. (*Id.* at 7–8.)

Section 1983 attaches liability to "[e]very *person* who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983 (emphasis added). The DEA, as a federal agency, is not a person within the meaning of the statute. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a "person," and a federal agency is not a 'person' within the meaning of these provisions.") (collecting cases).

Even if an agency could be sued under § 1983, no facts allege that the DEA was acting under the color of the laws of California, rather than federal law. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("[S]ection 1983 only provides a remedy against persons acting under color of state law. Here, the federal defendants acted pursuant to federal laws.").

Accordingly, Plaintiff's claims against the DEA brought pursuant to 42 U.S.C. § 1983 are **DISMISSED with prejudice**.

## B.    Claims Against the United States

### 1.    Section 1983 (Claims 1 and 7)

Defendants argue the Court lacks subject matter jurisdiction over claims against the United States based upon alleged violations of the federal constitution because the United States has not waived sovereign immunity (Claims 1 and 7). (Doc. No. 12 at 4–6.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of *state* law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[A] complaint is invalid on its face [when it] reli[es] upon § 1983 as a cause of action against alleged federal government actors." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).

Plaintiff's first and seventh claims alleged violations of the Fourth Amendment against the United States. (Compl. ¶¶ 25–33, 59–64.) While the United States has waived sovereign immunity for traditional tort claims committed by federal employees, *see* Federal

1  Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), it has not waived its sovereign immunity
2  for constitutional torts asserted under 42 U.S.C. § 1983, *Jachetta v. United States*, 653 F.3d
3  898, 908 (9th Cir. 2011). As such, sovereign immunity bars Plaintiff's first and seventh
4  claims—those based on alleged violations of the Fourth Amendment—against the United
5  States. Accordingly, Plaintiff's claims against the United States brought pursuant to 42
6  U.S.C. § 1983 are **DISMISSED with prejudice**. Plaintiff is granted leave to amend to the
7  extent Plaintiff can bring such claims pursuant to different authority.[4]

8              **2.    State Common Law (Claims 5 and 6)**

9        Although Defendants do not challenge the fifth and sixth claims as brought against
10 the United States, the Court notes that the complaint does not expressly identify pursuant
11 to what authority Plaintiff brings these claims. As currently pled, Plaintiff asserts the Court
12 has federal question jurisdiction over the 42 U.S.C. § 1983 claims and supplemental
13 jurisdiction over Plaintiff's state law claims. (Compl. ¶ 9.)

14       However, as identified by Defendants in their briefing, jurisdiction must be properly
15 pled by the plaintiff and federal sovereign immunity bars suit unless waived. As the Court
16 is granting Plaintiff leave to amend, Plaintiff is permitted to amend her fifth and sixth
17 claims to properly plead subject matter jurisdiction. *See Brownback v. King*, 592 U.S. 209,
18 217–18 (2021) ("[I]n the unique context of the FTCA, all elements of a meritorious claim
19 are also jurisdictional. So even though a plaintiff need not *prove* a § 1346(b)(1)
20 jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, a
21 plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which
22 relief can be granted but also for a court to have subject-matter jurisdiction over the claim.

---

24       [4]    If Plaintiff seeks to bring these claims against the United States pursuant to the FTCA, the Court
25 notes that "sovereign immunity bars an award of attorneys' fees against the United States unless a statute
   expressly authorizes such an award." *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997).
26 Because "Congress has not waived the government's sovereign immunity for attorneys' fees and expenses
   under the FTCA," "[a] state statute that permits the recovery of attorneys' fees[, such as the Bane Act,]
27 does not entitle prevailing parties to a fee award against the United States under the FTCA." *Id.* at 1191–
   92. Moreover, punitive damages against the United States are prohibited by the FTCA. *See* 28 U.S.C.
28 § 2674.

That means a plaintiff must plausibly allege that the United States, if a private person, would be liable to the claimant under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction.") (citations omitted).[5]

### C.    Claims Against Does 11–20

Defendants seek dismissal of all claims against Does 11–20, the DEA agents, for three distinct reasons. (Doc. No. 12 at 8–9.) Assuming Does 11–20 are being sued in their official capacity, Defendants assert that the fifth, sixth, and eighth claims are only properly brought against the United States pursuant to the FTCA. (*Id.* at 8.) Defendants argue the first and seventh claims fail to state a claim because Plaintiff does not allege the DEA agents were acting under the color of *state* law, as required for a § 1983 claim. (*Id.* at 8–9.) Moreover, any such § 1983 claim regarding the August 2021 search would be time-barred by the two-year statute of limitations for personal injury actions under California law. (*Id.* at 9.)

In opposition, Plaintiff argues that she has properly stated a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), by alleging that "Does 11–20 were agents of the DEA, acting within the course and scope of their authority as agents at the time of the alleged events." (Doc. No. 14 at 9.) Plaintiff does not reconcile or address that that the complaint pled the constitutional claims pursuant to 42 U.S.C. § 1983. (*See generally id.*) Nor does Plaintiff address Defendants' arguments regarding the propriety of suing the DEA agents in their official capacity. (*See generally id.*)

### 1.    Section 1983 (Claims 1 and 7)

As discussed *supra* with regard to the United States, Plaintiff's first and seventh

---

[5]    Additionally, the Court notes that in the fifth and eighth claims Plaintiff appears to mix up Does 1–10 and 11–20 in her allegations of vicarious liability. (*See, e.g.*, Compl. ¶¶ 52 (asserting "Defendant County is vicariously liable for the wrongful acts of DOES 11–20[, the DEA agents,] and Defendant DEA is vicariously liable for the wrongful acts of DOES 1–10[, local law enforcement,] pursuant to section 815.2(a) of the California Government Code."), 69 ("Defendant County is vicariously liable for the wrongful acts of DOES 11–20[, the DEA agents,] and Defendant DEA is vicariously liable for the wrongful acts of DOES 1–10[, local law enforcement,] pursuant to section 815.2(a) of the California Government Code."), 48–49 (repeating ratification conclusion as to Does 11–20 twice, but omitting a conclusion regarding Does 1–10, despite discussing both immediately *supra*).).

claims allege violations of the Fourth Amendment against Does 11–20. (Compl. ¶¶ 25–33, 59–64.)

"Although federal officials acting under federal authority are generally not considered to be state actors, they may be liable under § 1983 if they are found to have conspired with or acted in concert with state officials to some substantial degree." *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992). "The touchstone of this analysis is ultimately 'whether there is a sufficiently close nexus between the State and the challenged action of the federal actors so that the action of the latter may be fairly treated as that of the State itself.'" *Id.* at 744 (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)).

Plaintiff does not allege any facts supporting a conspiracy or substantial degree of coordinated action sufficient to plead that Does 11–20 acted under the color of state law. Additionally, Plaintiff concedes by silence that the first incident is time-barred. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (applying California's two-year statute of limitations for personal injury actions to a plaintiff's § 1983 Fourth Amendment claims). Plaintiff's claims against Does 11–20 brought pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice** as to the September 7, 2022 incident and **with prejudice** as to the August 11, 2021 incident. However, Plaintiff is granted leave to amend to the extent Plaintiff can (1) allege sufficient facts regarding the 2022 incident to state a § 1983 claim against Does 11–20, and/or (2) bring such claims regarding either incident pursuant to different authority.

Although Plaintiff does not plead any claims pursuant to *Bivens* in the complaint, her opposition asserts that the first and seventh claims sufficiently state a *Bivens* claim. (*Compare* Compl. *with* Doc. No. 14 at 9.) Defendants reply only that Plaintiff "improperly engages in 'group pleading.'" (Doc. No. 15 at 4.)

"As a general rule, the use of 'John Doe' to identify a defendant is not favored" in federal court; however "where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not

24-cv-01409-AJB-LR

1  uncover the identities, or that the complaint would be dismissed on other grounds."

2  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). "Plaintiffs may

3  refer to unknown defendants as 'Does' at this stage, but must nevertheless allege specific

4  facts showing how each particular doe defendant violated her rights." *Lomeli v. Cnty. of*

5  *San Diego*, 637 F. Supp. 3d 1046, 1057 (S.D. Cal. 2022) (cleaned up) (collecting cases).

6  However, "while it is impermissible under Rule 8 to have an undifferentiated group

7  pleading which does not indicate which individual defendant or defendants were

8  responsible for which wrongful act, courts have found collective allegations sufficient if

9  the claims involve actors engaged in the same or similar conduct." *M.M. by & Through*

10 *Ficklin v. Antelope Valley Union High Sch. Dist.*, No. 2:24-CV-01338-MEMF-AGR, 2024

11 WL 4560172, at *8 (C.D. Cal. Oct. 10, 2024) (collecting cases).

12     So long as Does 11–20 each engaged in every allegation attributed to them

13 collectively, then Plaintiff's claims against Does 11–20 are properly pled. *See United States*

14 *v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) ("There is no flaw in a

15 pleading, however, where collective allegations are used to describe the actions of multiple

16 defendants who are alleged to have engaged in precisely the same conduct."). However,

17 the Court cautions Plaintiff that generalized allegations that fail to differentiate Doe

18 defendants are insufficient. *See, e.g.*, *Robles v. Cnty. of San Diego*, No. 23-CV-00898-JES-

19 BLM, 2024 WL 3498497, at *10–*11 (S.D. Cal. July 22, 2024) (dismissing claims against

20 Doe defendants because the plaintiff failed to allege with "some degree of particularity"

21 the acts of each individual Doe); *Brink v. Cnty. of San Diego*, No. 23-CV-01756-DMS-

22 SBC, 2024 WL 3315992, at *5 (S.D. Cal. July 3, 2024) ("[T]he allegations against the

23 remaining Doe deputies are too generalized to show how each Doe violated Plaintiff's

24 rights."); *Keavney v. Cnty. of San Diego*, No. 19-CV-01947-AJB-BGS, 2020 WL 4192286,

25 at *5 (S.D. Cal. July 21, 2020) ("[The plaintiff] may not attribute liability to a group of

26 unidentified defendants as he has but must set forth specific facts as to each individual

27 defendant's wrong.").

28 ///

### 2.    State Common Law (Claims 5 and 6)

To the extent Plaintiff seeks to bring the assault and false imprisonment tort claims against Does 11–20 in their official capacity, the United States is the proper defendant pursuant to the FTCA. *See* 28 U.S.C. § 2679(b)(1); *see also M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) ("The FTCA immunizes federal employees from individual liability for an action that is properly against the United States under the FTCA. In such cases, the FTCA is the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability. Thus, if a claim is properly against the United States under the FTCA, the FTCA becomes the sole remedy and the individual tortfeasor is immunized from liability.") (internal punctuation and citations omitted). As such, the Court **GRANTS** Defendants' motion and **DISMISSES with prejudice** the fifth and sixth claims against Does 11–20, to the extent they are premised on the FTCA.

However, if Plaintiff seeks to allege these claims against Does 11–20 in their individual capacity, there are two vehicles by which Plaintiff may be attempting doing so: *Bivens* and state tort law. If Plaintiff's fifth and sixth claims are brought pursuant to *Bivens*, the Court finds the allegations are insufficient because Plaintiff fails to allege a violation of a constitutional right with regard to these specific claims.[6] Thus, the Court **GRANTS** Defendants' motion, **DISMISSES** the fifth and sixth claims against Does 11–20 to the extend they are premised on *Bivens*, and grants Plaintiff leave to amend.

To the extent Plaintiff seeks to allege these claims against Does 11–20 exclusively pursuant to state tort law, the Court declines to exercise supplemental jurisdiction at this time. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"). To that extent, the Court **GRANTS**

---

[6] The Court finds it unlikely this was Plaintiff's intent seeing as *Bivens* is an action against individual federal officers and both claims are pled "Against All Defendants," including the United States and the DEA.

Defendants' motion and **DISMISSES** the fifth and sixth claims against Does 11–20.

### D.    Bane Act (Claim 8)

Defendants argue Plaintiff's eighth cause of action brought pursuant to the Bane Act must be dismissed because the United States has not waived sovereign immunity for civil actions alleging constitutional violations and, thus, the Court lacks jurisdiction. (Doc. No. 12 at 6–7.) Underpinning Defendants' argument is that Plaintiff brings her Bane Act claim pursuant to the FTCA, making the United States—not any individual Doe—the proper defendant. (*Id.* at 8.) Plaintiff fails to address Defendants' arguments regarding her eighth cause of action. (*See generally* Doc. No. 14.)

The Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). "The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022). "[S]uch intent can be proven by evidence of recklessness." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019).

Plaintiff's eighth cause of action asserts Defendants violated the Bane Act when the Officers "destroyed Plaintiff's property and killed her pet, all causing Plaintiff extreme emotional distress, and depriving her of her rights under the United States Constitution." (Compl. ¶ 67.) The complaint does not set forth the basis for attaching liability to the United States. (*See id.* ¶¶ 65–70.) Regardless of whether Plaintiff brings her Bane Act claim pursuant to 42 U.S.C. § 1983, as most of her claims were pled, or pursuant to the FTCA, as Defendants address it, the United States has not waved sovereign immunity for torts committed in violation of the federal constitution. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); *see also Romero v. United States*, --- F. Supp. 3d ----, No. 24-CV-1320 JLS (JLB), 2025 WL 897443, at *3 (S.D. Cal. Mar. 24, 2025) ("This principle

extends to the Bane Act insofar as it serves as a conduit for claims based upon constitutional violations."). Accordingly, Defendants' motion to dismiss is **GRANTED** and the Bane Act claim is **DISMISSED with prejudice** against the United States to the extent it is premised on a violation of Plaintiff's federal constitutional rights.[7] Plaintiff is granted leave to amend to the extent she intends to bring her Bane Act claim pursuant to a different authority.

Moreover, if Plaintiff were to reallege a Bane Act claim, Plaintiff's allegations are insufficient as currently pled. (*See generally* Compl. ¶¶ 65–70.) Specifically, Plaintiff makes only a conclusory statement of Defendants' intent. (Compl. ¶ 70 ("Defendants' conduct was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to Defendants and Does 1–20.").) Plaintiff alleges no *facts* that support such conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Dyer v. City of Auburn*, No. 221CV02182JAMJDP, 2022 WL 2239256, at *6 (E.D. Cal. June 22, 2022) (holding identical language to that of the instant complaint as legal conclusions insufficient to state a Bane Act claim). Accordingly, Defendants' motion to dismiss is **GRANTED**, the Bane Act claim is **DISMISSED** against Does 11–20, and Plaintiff is granted leave to amend.

---

[7]    Defendants assert that Plaintiff cannot pursue a Bane Act claim based upon a violation of the California constitution against the United States for the same reason. (Doc. No. 12 at 7 ("Courts to consider the issue have concluded that constitutional claims under the Bane Act are barred by sovereign immunity regardless of whether the alleged interference with rights occurs under the United States or California Constitution.").) However, Defendants' assertions oversimplify the issue. Some courts have found that "a Bane Act claim cannot be brought against the United States based on a state constitutional violation that overlaps with the federal constitution," because "holding the United States liable for a constitutional tort . . . effectively circumvent[s] the [FTCA]'s limitations," "expand[s] the very essence of the FTCA," and "undermine[s] the purpose of the FTCA." *Romero*, 2025 WL 897443, at *4. Other courts have reached the same conclusion for a different reason—constitutional claims require a state actor for which a private person cannot be liable and, thus, the United States cannot be liable under the FTCA. *See, e.g.*, *Blanchard v. Cnty. of L.A.*, No. 819CV02438JVSDFM, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022) (collecting cases). Still other "courts have recognized that Bane Act claims *are* cognizable under the FTCA as long as they are not solely premised upon a federal constitutional violation." *Peralta v. United States*, 475 F. Supp. 3d 1086, 1098 (C.D. Cal. 2020) (emphasis in original) (collecting cases). The Court need not weigh in as the instant complaint expressly asserts a Bane Act claim premised upon Defendants' violation of Plaintiff's "rights under the United States Constitution." (Compl. ¶ 67.)

**D.      Insufficient Service of Process**

Defendants argue Plaintiff's complaint must be dismissed because Plaintiff failed to serve either the Attorney General or the DEA as required by Rule 4(i). (Doc. No. 12 at 3–4.)

To provide sufficient service of process to the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To provide sufficient service of process to a United States federal agency or employees thereof sued in their official capacity, a party must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[; however,] if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff filed proof of service demonstrating that a copy of the summons and complaint were personally delivered to the U.S. Attorney's Office in San Diego on October 21, 2024. (Doc. Nos. 4, 6.) In order to properly effect service on the United States, Plaintiff must also "send a copy of each by registered or certified mail to the Attorney General of

24-cv-01409-AJB-LR

the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). For the DEA, Plaintiff must properly serve the United States, as discussed *supra*, and "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). As such, Plaintiff has not properly served either Defendant to date.

However, considering the Court has granted Plaintiff leave to file an amended complaint, the Court orders that Plaintiff effectuate proper service of an amended complaint. *See* Fed. Civ. Pro. R. 4(m); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) (noting that courts have wide discretion under Rule 4(m) to either extend time to comply with the proper service procedures or to dismiss the case without prejudice). Accordingly, the Court **DENIES** Defendants' motion to dismiss the complaint pursuant to Rules 12(b)(5) and 4(m).

## V.    CONCLUSION

Accordingly, for the reasons stated herein, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. Any amended complaint must be filed **no later than <u>April 18, 2025</u>**. Defendants' response must be filed **no later than <u>May 2, 2025</u>**.

**IT IS SO ORDERED**.

Dated: April 1, 2025

Hon. Anthony J. Battaglia
United States District Judge

24-cv-01409-AJB-LR